**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BATTALION THREE, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | No. 4:08CV335-DJS |
| | ) | |
| **S3 SENTINEL SAFETY SUPPLY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On August 26, 2008, the Court granted the parties' joint motion for entry of judgment and entered the parties' proposed Order and Judgment. The judgment contains provisions effecting the rescission of certain transactions, documents and agreements, and provides for the plaintiffs' retention of certain monies as damages. The judgment refers to the parties' Settlement Agreement in the context of its provision of a particular legal characterization of that monetary payment. Order and Judgment [Doc. #23], ¶5. In so doing, the judgment indicates that the terms of the Settlement Agreement "have been reviewed and are hereby approved by the Court." Id. Now before the Court is plaintiffs' motion for contempt and to enforce settlement, in which plaintiffs complain of defendant's failure to comply with certain terms of the underlying Settlement Agreement not expressly set forth or referred to in the Court's Order and Judgment.

The limits on a federal court's jurisdiction, when asked post-dismissal to enforce a settlement agreement, were explored by the United States Supreme Court in <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S 375 (1994). As the Eighth Circuit has observed: "<u>Kokkonen</u> made clear that federal courts do not retain authority to enforce settlement agreements unless the dismissal order states that the district court is retaining jurisdiction over the agreement or the court incorporates the terms of the agreement into an order." <u>Jenkins v. Kansas City Missouri School Dist.</u>, 516 F.3d 1074, 1081 (8th Cir. 2008), *citing* <u>Kokkonen</u>, 511 U.S. at 381.

In <u>Kokkonen</u>, "the Supreme Court deemed the district court's 'mere awareness and approval of the terms of the settlement agreement' insufficient to support ancillary jurisdiction." <u>Jenkins</u>, 516 F.3d at 1082, *citing* <u>Kokkonen</u>, 511 U.S. at 381. The Court's Order and Judgment in the instant case similarly reflects no more than mere awareness and approval of the terms of the parties' Settlement Agreement. As the Order and Judgment was drafted and proposed by the parties and entered by the Court, it does not function as a consent decree with respect to the terms of the underlying Settlement Agreement, which were not incorporated into the judgment. As the Eighth Circuit has noted, "[C]onsent decrees...are enforceable through the supervising court's exercise of its contempt powers, and private settlements [are] enforceable only through a new action for breach of contract." <u>Christina A. v.

Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003), *quoting* Hazen ex rel. LeGear v. Reagen, 208 F.3d 697, 699 (8th Cir. 2000).

Plaintiffs' motion seeks relief based upon provisions of the parties' Settlement Agreement requiring defendant to return certain assets and property to plaintiffs, and to indemnify plaintiffs against claims based on accounts payable. These terms were not incorporated into this Court's Order and Judgment. Upon careful consideration, the Court is not persuaded that it has jurisdiction to undertake specific enforcement of the parties' Settlement Agreement or to treat alleged breaches thereof as contempt of court. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for contempt and to enforce settlement [Doc. #24] is denied.

Dated this ___9th___ day of January, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE